# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

TOMMY LEE LURKS,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.

Case No. 10-CV-751-FHM

## OPINION AND ORDER

Plaintiff, Tommy Lee Lurks, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's April 4, 2008, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held November 16, 2009. By decision dated January 10, 2010, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on September 21, 2010. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was nearly 42 years old on the alleged date of onset, August 28, 2006. He completed the 11th grade and formerly worked as laborer and construction worker. He claims to have been unable to work since August 26, 2006 as a result of low back pain, status post lumbar fusion, cervical spine pain post cervical fusion, left arm weakness, bipolar disorder, depression, hypertension, and obesity. The date last insured was September 30, 2006.

## **The ALJ's Decision**

The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except work above the shoulder level should be avoided. Although Plaintiff is unable to perform his past relevant work, based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence

for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

**Plaintiff's Allegations**

Plaintiff asserts: the ALJ failed to recognize his depression and bipolar disorder as severe impairments; the ALJ erred by not recognizing Dr. Trinidad as a treating source and failed to give reasons for discounting his opinion; and the ALJ failed to include all of his limitations in the RFC.

**Analysis**

The period under review is from Plaintiff's alleged date of onset, August 28, 2006 to his date last insured, September 30, 2006. Plaintiff had the burden of establishing physical or mental impairments, which had lasted or would be expected to last at least twelve months, that prevented him from engaging in substantial gainful activity from August 28, 2006 to September 30, 2006. 20 C.F.R. § 404.1509 (stating durational requirement).

Consideration of Mental Impairments

The ALJ found Plaintiff's medically determinable mental impairments of mood disorder and alcohol abuse did not cause more than a minimal limitation in his ability to perform basic mental work activities and were therefore non-severe. [R. 12]. Plaintiff argues that the medical evidence established his long standing history of depression and bipolar disorder caused severe limitations. In support of this argument, Plaintiff points to inpatient psychiatric care records from March 22, 2007 through March 28, 2007 when he was admitted to St. John Medical Center for alcohol detoxification and records from Family and Children's Services which are dated March 2007 to April 2008. Those records contain

3

only general statements that Plaintiff's mental problems were long standing. There are no relevant mental health records that were generated during the relevant time frame. There are no mental health records generated before the relevant time frame that could be considered as relating to that time frame. In addition, the record reflects that Plaintiff worked until he was injured on August 28, 2006, the alleged date of onset of disability. The undersigned finds no error in the ALJ's finding that Plaintiff's alleged mental impairments were non-severe because the record contained no factual basis upon which the ALJ could conclude Plaintiff had work-related mental impairments during the relevant time frame.

### Treating Source Opinions

There are no medical records for the time from the alleged date of onset, August 28, 2006 to the date last insured, September 30, 2006. The record contains letters examination reports, and treatment records from Kenneth Trinidad, D.O. and Steven Gaede, M.D. Dr. Trinidad's records encompass the period of time from November 1, 2006 to September 15, 2009. Dr. Gaede's records encompass June 14, 2007 to May 6, 2008. The ALJ accurately outlined the medical records generated by these doctors and their opinions.

On November 1, 2006, Dr. Trinidad recorded that Plaintiff reported a history of injury to his neck, left arm and hand occurring August 28, 2008. The ALJ noted that the record contained several one page assessments of Plaintiff's symptoms by Dr. Trinidad. The assessments were dated January 18, 2007, February 12, 2007, March 12, 2007, and April 30, 2007. [R. 151-182]. Dr. Trinidad's impression was that Plaintiff had an acute cervical spine injury with left arm radiculitis secondary to a work related trauma. Dr. Trinidad said that Plaintiff was temporarily totally disabled. [R. 148]. The ALJ stated he gave only some

4

weight to this opinion because the opinion was made in the context of a state worker's compensation claim where the issue is whether the claimant has the capacity to work for a particular employer, whereas the issue in Social Security disability is the residual functional capacity to perform work existing in the national economy. [R. 16]. The undersigned finds no error in the ALJ's treatment of Dr. Trinidad's opinion that Plaintiff was temporarily totally disabled.

The record reflects that after Dr. Trinidad's April 30, 2007 evaluation of Plaintiff, he was seen by Dr. Gaede, a neurosurgeon, was operated on, and was followed by Dr. Gaede. There were no more treatment notes from Dr. Trinidad until September 15, 2008 when Dr. Trinidad examined Plaintiff and summarized his medical course. [R. 227-231]. On September 15, 2008 Dr. Trinidad expressed his opinion, as follows:

> [Plaintiff] is not a satisfactory candidate for vocational re-training and it is unlikely that he can reenter the active work force in this region for the country for the next twelve months and, in all probability, indefinitely.

[R. 230]. Dr. Trinidad also completed a form entitled, "Low Back Pain for Social Security Claim" where he indicated his opinion that Plaintiff could stand or sit 60 minutes at a time, could work 4 hours per day, could lift 20 pounds occasionally, five pounds frequently, and could only occasionally stoop or bend. [R. 231]. The ALJ evaluated Dr. Trinidad's September 15, 2008 opinions separately from the worker's compensation opinions, as follows:

> The undersigned does not afford Dr. Trinidad's opinion controlling weight. Dr. Trinidad is not a treating source. Furthermore, his opinion exceeds what is reasonable from claimant's condition, as documented. Dr. Trinidad's opinion rest [sic] on the opinion that claimant is not a candidate for

5

>vocational rehabilitation, which is a vocational issue outside Dr. Trinidad's expertise.

[R. 17].

Plaintiff argues that the ALJ erred in finding that Dr. Trinidad was not a treating source. The court finds that the ALJ's determination that Dr. Trinidad was not a treating source pertains only to his September 2008 opinion and is supported by the record.

The treating physician rule, which gives controlling weight to a treating physician's opinion "is based on the assumption that a medical professional *who has dealt with a claimant and his maladies over a long period of time* will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003) (quoting *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994)(emphasis added by *Doyal* Court). In *Doyal,* the Tenth Circuit quoted the Supreme Court's comments in *Black & Decker Disability Plan v. Nord*, 583 U.S. 822, 832, 123 S.Ct. 1965, 1971, 155 L.Ed.2d 1034 (2003), "the assumption that the opinions of a treating physician warrant greater credit than the opinions of [other experts] may make scant sense when, for example, the relationship between the claimant and the treating physician has been of short duration." *Doyal*, 331 F.3d at 762. The *Doyal* Court concluded that a physician's opinion is not entitled to deferential treatment where the physician saw the claimant only once. *Id*. at 763.

The record reflects that Dr. Trinidad did not treat Plaintiff after April 2007, a fact Plaintiff recognized in his brief. [Dkt. 28, p. 7]. At the time Dr. Trinidad rendered the September 2008 opinion, he had not seen Plaintiff in over 16 months and Plaintiff had

surgery during the intervening time.[2] Under these circumstances, it was reasonable for the ALJ to conclude that Dr. Trinidad did not qualify as a treating physician at the time he rendered the September 2008 opinion and that therefore his opinion was not due the analysis set out in 20 C.F.R. §§ 404.1527, 416.927, and *Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir.2003)(setting out analysis). In addition, the ALJ listed other reasons for rejecting Dr. Trinidad's opinion which were not challenged by Plaintiff.

The ALJ credited the opinions expressed by Dr. Gaede who treated Plaintiff beginning June 2007 and performed surgery on the C3-4 vertebrae on July 11, 2007. The correspondence authored by Dr. Gaede from June 14, 2007 to August 8, 2008 contain Dr. Gaede's opinions about Plaintiff's work related capabilities. [R. 236-258]. In the most restrictive opinion, dated June 14, 2007, Dr. Gaede said Plaintiff was "eligible for sedentary duties with no lifting greater than 10 pounds on an occasional basis during the day, no repetitive neck movement or work overhead and the opportunity to change position as needed." [R. 257]. By August 21, 2007, Dr. Gaede was of the opinion Plaintiff was restricted to no lifting heavier than 15 pounds and no work overhead, [R. 252], and by October 23, 2007 Plaintiff was eligible for light duty with a lifting restriction of 20 pounds and no overhead work. [R. 250]. The ALJ stated he gave great weight to the opinion of Dr. Gaede. [R. 16]. The court finds that the ALJ appropriately credited Dr. Gaede's opinions.

---

[2] The court notes that the medical statement that Dr. Trinidad completed pertained to low back pain, a condition Dr. Trinidad did not treat or address himself to when he was treating Plaintiff as Dr. Trinidad treated Plaintiff's cervical spine injury. [R. 147-152].

RFC Assessment[3]

Plaintiff argues that although the ALJ stated he gave great weight to Dr. Gaede's opinion, the ALJ erred by omitting from the RFC Dr. Gaede's requirement to change position as needed. The court finds that the omission of that limitation is not reversible error.

The vocational expert testified that of the number of jobs he identified as consistent with the ALJ's hypothetical question, the additional limitation of changing positions on an hourly basis would only eliminate one job, that of escort driver. [R. 44-45]. Elimination of the escort driver job would leave three representative occupations with 2050 such jobs in the region and 153,000 such jobs nationally. [R. 20]. In addition, the court notes that Dr. Gaede's restriction of changing positions as needed appeared only once in his evaluations, on June 14, 2007 before surgery was performed. [R. 257]. That restriction was not present in subsequent evaluations, August 21, 2007, [R. 252], October 23, 2007, [R. 250], December 4, 2007, [R. 248]. Thus, the record does not support a conclusion that the change of position restriction lasted for the twelve month duration required to establish disability. 20 C.F.R. § 404.1509.

**Conclusion**

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

---

[3] Most of Plaintiff's arguments concerning the ALJ's RFC assessment revolve around the ALJ's rejection of Dr. Trinidad's opinion. That issue has been addressed.

SO ORDERED this 18th day of July, 2012.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE